IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CR-00428-M

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| JARRELL RAESHON BORDEAUX, ) | |
| ) | |
| Defendant. ) | |

Before the court is the Defendant's Motion for Release Pending Trial [DE 26]. Having reviewed the motion, the government's response, and the entire record, including an audio recording of the detention hearing, the court concludes that an additional evidentiary hearing would not be useful and DENIES the motion.

A person charged with a federal crime may be detained until his or her trial to reasonably assure that the person does not (1) flee before being tried for the crime charged or (2) endanger others or the community. 18 U.S.C. §§ 3142(a), (d), (e). While a person charged with an offense may be temporarily detained without a hearing, 18 U.S.C. § 3142(d), a longer detention requires that the person be given a pretrial detention hearing at which he or she may petition the court to be released. 18 U.S.C. § 3142(f).

On October 7, 2020, Magistrate Judge Gates held a hearing on the government's motion for detention and concluded that, although Defendant presented evidence sufficient to rebut the presumption that no condition or combination of conditions would reasonably assure the Defendant's appearance and the safety of the community, consideration of the presumption and necessary factors favored detention pending trial. DE 17. Here, Defendant seeks release based on the following: (1)

"Defendant provided good third-party custodians of record during the initial hearing"; (2) "Defendant's record is old and outdated"; and, (3) "Defendant is at risk while detained due to the COVID virus." Mot. at 2.

The government contends that, pursuant to 18 U.S.C. § 3142, Defendant is not entitled to release because he has failed to identify "information . . . that was not known to the movant at the time of the hearing" (*see* § 3142(f)(2)) and failed to articulate a "compelling" reason for a temporary release from detention (*see* § 3142(i)). The court agrees; Defendant does not argue and the court cannot reasonably find that Defendant had no knowledge on October 7, 2020 of the reasons on which bases his motion.

Moreover, to the extent Defendant contends that any or all of his reasons are "compelling" as necessary to justify a temporary release, he provides no legal support and his simple statement that he is "at risk" to contract the COVID-19 virus is deficient. "Courts have considered four factors in determining whether COVID-19 presents a compelling reason for release: '(1) [t]he original grounds for detention; (2) the specificity of a defendant's COVID-19 concerns; (3) the extent to which the proposed release plan is designed to mitigate or exacerbate other COVID-19 risks to the defendant; and, (4) the likelihood that a defendant's release would increase the COVID-19 risks to others.'" *United States v. Williams*, No. 5:19-CR-342-FL-2, 2020 WL 2404680, at *4 (E.D.N.C. May 12, 2020) (quoting *United States v. Green*, No. 1:19-CR-00539-CCB-1, 2020 WL 1873967, at *3 (D. Md. Apr. 15, 2020)). Here, Defendant provides insufficient information to permit the court to determine whether any risk of contracting COVID-19 should compel his release. The government is correct that Defendant has failed to demonstrate he is entitled to release under 18 U.S.C. §§ 3142(f) and/or (i).

But this does not end the inquiry. Although not addressed by the government, the court finds that Defendant's motion may be construed as a request for review of Magistrate Judge Gates' detention order pursuant to 18 U.S.C. § 3145(b). At a pretrial detention hearing, the presiding judicial

2

officer is statutorily required to consider the following factors "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community":

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves a . . . firearm . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). The person opposing detention is "afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." 18 U.S.C. § 3142(f). "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." *Id.*

In seeking pretrial detention based on the danger it believes that a defendant poses to others or to the community, the government carries the burden of establishing by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. *United States v. Salerno*, 481 U.S. 739, 751 (1987). If the government satisfies its burden and "the judicial officer finds that no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1).

When a detention order is entered by a magistrate judge, the detainee may file a motion with the appropriate district court seeking revocation of the order pursuant to 18 U.S.C. § 3145(b). The

3

district court must then conduct a *de novo* review of the magistrate judge's decision. *United States v. Williams*, 753 F.2d 329, 333–34 (4th Cir. 1985). In conducting its review, the district court reviews the magistrate judge's findings based on the evidence presented to the magistrate judge. *Id.* The district court also has the discretion to conduct an additional evidentiary hearing if it determines that another hearing would be useful. *Id.*

Here, based on its review of the record, the court concludes that Defendant must be detained. First, the government proffered evidence at the detention hearing (unrebutted by Defendant) of several controlled purchases by a confidential informant in 2019 and 2020 of heroin and/or a heroin-fentanyl substance from Defendant. Additionally, law enforcement found firearms, ammunition, and drug paraphernalia pursuant to a search of Defendant's storage unit, and 200 grams of heroin, a bag of "pills," firearms (at least one of which was reported stolen), ammunition, and drug paraphernalia pursuant to a search of Defendant's residence. Accordingly, the court finds "the weight of the evidence against" Defendant weighs in favor of his detention. 18 U.S.C. § 3142(g)(2).

Second, the "nature and circumstances of the offense[s] charged," which "involves a . . . firearm," 18 U.S.C. § 3142(g)(1), also weigh in favor of detaining Defendant. The government proffered evidence at Defendant's hearing indicating that the substances sold by Defendant are considered some of the most harmful, and he possessed and distributed large amounts of the substances. In addition, the number and nature of the firearms and ammunition Defendant possessed indicate dangerous behavior.

Finally, the remaining factors that the court must consider are Defendant's "history and characteristics" and the "nature and seriousness of the danger to . . . the community that would be posed by [Defendant's] release[,]" 18 U.S.C. § 3142(g)(3)–(4). The government argued at Defendant's hearing that heroin and fentanyl are both dangerous to the public, but fentanyl in particular has demonstrated its lethal properties. Moreover, Defendant has a history of drug and violence convictions and the government contended that, despite having served time in custody,

4

Defendant has continued to engage in the same behaviors. The court finds these factors also weigh in favor of detention.

Accordingly, all four of the 18 U.S.C. § 3142(g) factors weigh in favor of detention, and in light of these factors, the court concludes that the government has proven by clear and convincing evidence that no condition or combination of conditions for Defendant's release would reasonably assure the safety of the community. In reaching this conclusion, the court considered defense counsel's arguments and the testimony given by Defendant's witnesses at the hearing, and Defendant's contention's in the present motion. But the sum total of the countervailing considerations raised by Defendant fail to satisfy the court that there can be conditions imposed to reasonably assure the safety of the community in light of the convincing evidence of Defendant's dangerousness described above.

Therefore, the court concludes that Defendant must be detained pending his trial, and that the magistrate judge correctly reached the same conclusion. Defendant's motion is DENIED.

SO ORDERED this 15th day of January, 2021.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE